Mr. Allen B. Conner, February 11, 1939, Page 2.

history of the time, the contemporaneous circumstances, and the conditions leading to the enactment of the amendment, to ascertain the purpose and meaning of the amendment, and the language will be construed to further that purpose. Munne v. Karrs, 120 Tex. 383, 40 S. W. (2nd) 31; San Antonio Independent School District v. State, (Civ. App.) 173 S. W. 525; Williams v. Carroll, 182 S. W. 29. The thing to be sought is the thought expressed, (Cardova v. State, 6 Cr. R. 207) with the view of ascertaining and giving effect to the intent of the people who adopted the amendment. Collingsworth County v. Allred, 120 Tex. 473, 40 S. W. (2nd) 13.

It is a matter of common knowledge that the amendment was sought in this instance solely to eliminate the obsolete dueling clause. There was no suggestion of any other purpose to be effected. In fact, the very language of the amendment indicates that the people intended that "all officers" should take the oath of office. "All officers" includes both elective and appointive officers. Yet we should not impute to the people of Texas an intention that appointive officers should take an oath embodying language wholly inapplicable to the manner by which they acquired their office.

Applying the rules of constitutional construction above stated, the conclusion is clear. We therefore hold that, in order to give effect to the intention of the people in voting this amendment, all appointive officers in this State, including notaries public, must take the constitutional oath of office provided by the amendment, but that the oath as to them must conclude, after eliminating the words, "... for the giving or withholding a vote at the election at which I was elected," after the word "reward," with these words, "...to secure my appointment. So help me God."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R W Fairchild*

R. W. Fairchild
Assistant

RWF:FBP

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS